**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4711**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

DERRICK BELLANFANTIE, a/k/a Derrick Belanfanti, a/k/a Derrick Thomas, a/k/a Alton Dawkins,

          Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:17-cr-00231-CCE-1)

Submitted:  May 24, 2018                        Decided:  May 29, 2018

Before NIEMEYER, MOTZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert L. McClellan, IVEY, MCCLELLAN, GATTON & SIEGMUND, LLP, Greensboro, North Carolina, for Appellant.  Terry Michael Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Bellanfantie pled guilty, pursuant to a plea agreement, to illegal reentry by an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). The district court imposed a sentence of 30 months' imprisonment, above Bellanfantie's advisory Sentencing Guidelines range. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Bellanfantie's plea and whether the sentence is procedurally and substantively reasonable. Bellanfantie was advised of his right to file a supplemental brief, but he has not done so. We affirm.

Because Bellanfantie did not move in the district court to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015); *see Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing standard). Prior to accepting a plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant comprehends, the nature of the charge to which he is pleading guilty, the minimum and maximum penalties he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). Additionally, the court must ensure that the defendant's plea was supported by an independent factual basis, was voluntary, and did not result from force, threats, or promises of a lenient sentence. Fed. R. Crim. P. 11(b)(2)-(3). After reviewing the guilty plea transcript, we conclude that the district court fully complied with Rule 11 in accepting Bellanfantie's plea.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range" for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. In determining whether a sentence is procedurally reasonable, we consider whether the district court correctly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence based on facts that were not clearly erroneous, and sufficiently explained the selected sentence. *Gall*, 552 U.S. at 49-51. Only after determining that the sentence is procedurally reasonable do we consider whether the sentence is substantively reasonable, "tak[ing] into account the totality of the circumstances." *Id.* at 51.

In reviewing a sentence outside the Guidelines range, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). If a court's deviation from the Guidelines range "is a substantial one, we must more carefully scrutinize the reasoning offered by the district court in support of the sentence. The farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be." *United States v. Hampton*, 441 F.3d 284, 288 (4th Cir. 2006) (alteration and internal quotation marks omitted). However, "we

must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Pauley*, 511 F.3d 468, 473-74 (4th Cir. 2007) (internal quotation marks omitted).

We conclude that Bellanfantie's sentence is procedurally reasonable. The court correctly calculated the advisory Guidelines range, listened to the parties' arguments and Bellanfantie's allocution, and provided an adequate explanation based on its consideration of the § 3553(a) factors. We also conclude that Bellanfantie's sentence is substantively reasonable. The court considered that the Guidelines did not account for Bellanfantie's involvement with firearms and drugs and that a prior 49-month sentence for another illegal reentry charge had not deterred him for reentering the country or committing other crimes. The court also cited the need for punishment, to promote respect for the law, and to protect the public. Notably, the court considered counsel's arguments in mitigation, such as Bellanfantie's age and poor health and the dangerous circumstances he was facing in Jamaica. Thus, the court carefully considered the § 3553(a) factors and Bellanfantie's unique characteristics when deciding to impose an upward variant sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Bellanfantie, in writing, of his right to petition the Supreme Court of the United States for further review. If Bellanfantie requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bellanfantie. We dispense with oral argument

4

because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*